UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OTTO COOLEY, )
)
      Petitioner, )
) CAUSE NO. 3:17-CV-61-RLM-MGG
v. )
)
SUPERINTENDENT, )
)
      Respondent. )

## OPINION AND ORDER

Otto Cooley, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 16-04-711) in which a disciplinary hearing officer found him guilty of trafficking in violation of Indiana Department of Correction policy A-113. He was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Cooley presents three grounds that he believes entitle him to habeas corpus relief.

In Ground One, Mr. Cooley argues that the hearing officer didn't have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis."

McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Cooley was charged with violating IDOC A-113. This policy prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. Indiana law defines "trafficking" as:

> (b) A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
>> (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility;
>> (2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
>> (3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or child of a jail work crew or community work crew…

2

Ind. Code § 35-44.1-3-5 (West). The conduct report charged Mr. Cooley as follows:

> On 3/3/2016, this Investigator discovered that Offender Otto Cooley 153711 was engaging in trafficking with a person who is not an offender residing at the same facility, with the help of a civilian. **For additional information refer to Report of Investigation**.

ECF 8-1 (emphasis in original). The Report of Investigation was filed under seal to safeguard the security of the facility and to protect the identity of the offenders named in the report.

The hearing officer had sufficient evidence to find Mr. Cooley guilty. During the disciplinary hearing, Mr. Cooley admitted that he knew that money was being sent to his wife, and that he received this money from his wife. While he argues that he shouldn't have been found guilty because he wasn't the person that sent the money, an offender can be guilty of violating A-113 if he received contraband, or was otherwise engaged in a trafficking scheme. The evidence in the confidential investigation file supports a finding that Mr. Cooley was involved in a trafficking scheme. While the evidence in the investigation file does not identify any "smoking gun" linking Mr. Cooley to contraband that was brought into, or out of, the prison, there need not be direct evidence supporting a disciplinary finding. The hearing officer could find Mr. Cooley guilty based on circumstantial evidence alone. See Brenneman v. Knight, 297 F. App'x 534, 536 (7th Cir. 2008) (finding prisoner guilty based on circumstantial evidence). Further, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached

by the disciplinary board." Sup't v. Hill, 472 U.S. at 457. To uphold the hearing officer's finding, there need only be "some evidence" — and a mere "modicum" of evidence will suffice. Webb v. Anderson, 224 F.3d at 652. The information provided in the confidential investigation file meets this standard. The hearing officer had sufficient evidence to find Mr. Cooley guilty. Ground One is not a basis for habeas corpus relief.

In Ground Two, Mr. Cooley argues that he was denied access to the evidence that the hearing officer reviewed. He claims that after he received his charges, but before his disciplinary hearing, he was transferred to a different facility. He claims that because he was at a different facility, he couldn't collect witness statements in his defense. While prisoners have the right to present documentary evidence in their defense, the facility's security and administrative needs significantly curtail that right. Wolff v. McDonnell, 418 U.S. 539, 566–67 (1974). Prison administrators are granted great deference in determining whether allowing an offender access to evidence would pose an undue risk to the facility. Prison administrators are also granted broad discretion in limiting the offender's ability to access witnesses or evidence based on the practical, administrative needs of the facility. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." Id. at 566. It wasn't unreasonable for the hearing officer to deny Mr. Cooley's request to

collect witness statements from offenders who were incarcerated at a different facility. Such a request would impose an onerous security and administrative burden; a burden the facility was under no constitutional obligation to accept. Further, Mr. Cooley doesn't identify what evidence the witnesses could have provided. See Miller v. Duckworth, 963 F.2d 1002, 1005 (7th Cir. 1992) (inmates only have a right to present relevant, exculpatory evidence in their defense). Mr. Cooley doesn't explain how these witnesses would be relevant and exculpatory. Ground Two is not a basis for habeas corpus relief.

Mr. Cooley's final argument is that he is entitled to habeas corpus relief based on delays between: (1) the date of the offense and his screening; and (2) his screening and the disciplinary hearing. Mr. Cooley had no right to a "speedy" screening or disciplinary hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 556. Mr. Cooley was entitled only to the due process procedures identified in Wolff, which includes only one procedural protection relating to the timing of a prisoner's disciplinary hearing. This procedural protection requires that the prisoner receive at least 24-hours' advance notice of the charges before his disciplinary hearing. That requirement was satisfied in this case, so Ground Three is not a basis for habeas corpus relief.

5

The court DENIES the habeas corpus petition (ECF 1). The clerk shall enter judgment accordingly.

SO ORDERED.

ENTERED: September 5, 2017.	/s/ Robert L. Miller, Jr.
Judge
United States District Court